IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IRVING B. JEFFRESS, JR.           *
                                  *
            v.                    *   Civil No. JFM-05-2888
                                  *   Civil No. JFM-05-2918
                                  *
JO ANNE BARNHART                  *
                              ******

MEMORANDUM

    Plaintiff has instituted this *pro se* action for employment discrimination against the Commissioner of the Social Security Administration. He alleges that he was denied promotion to numerous positions in retaliation for his prior participation in EEO activities and because of his race, sex, and age.[1] Defendant has filed a motion to dismiss or for summary judgment to which plaintiff has responded. The motion will be treated as one for summary judgment and, as such, will be granted. Plaintiff's claims are so clearly without merit that they warrant only summary disposition. As to plaintiff's retaliation claims, he has admitted on deposition that these claims are only based upon his "belief" and "gut feeling" that he was retaliated against because of his participation in the Black Males for Justice class action. That is not a sufficient basis for a retaliation claim. *See Foster v. Arcata Assoc., Inc.*, 772 F.2d 1453, 1459-60 (9th Cir. 1985).

    As for plaintiff's other claims, the record contains full statements from those involved in the promotion decisions as to the reasons they selected for promotion persons other than plaintiff. These reasons are well articulated and provide clearly non discriminatory bases for the

---

[1] It appears that plaintiff may not have exhausted his administrative remedies as to all but one of his claims. I will assume, however, that the age claims are properly before me.

decisions.  Accordingly, the burden of producing evidence to demonstrate that these articulated reasons were pretextual shifts to the plaintiff.  *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 456 (4th Cir. 1989).  Plaintiff has utterly failed to meet this burden, having produced no evidence showing pretext at all.

     A separate order granting defendant's motion and granting judgment on her behalf is being entered herewith.


Date: <u>April 18, 2006</u>               /s/_____
                                               J. Frederick Motz
                                               United States District Judge